UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WALLACE REED,

v.                                             Case No. 8:03-cr-105-T-24TGW
                                                            8:07-cv-1379-T-24TGW

UNITED STATES OF AMERICA.

## O R D E R

This cause is before the Court upon Defendant Wallace Reed's amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (hereinafter "motion" or "motion to vacate"). (Doc. cv-4; cr-187).  Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. *See* 28 U.S.C. § 2255.

## PROCEDURAL HISTORY

Reed was found guilty, after a jury trial, of conspiracy to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(b)(10(B)(ii)(II) (Count One); and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B)(ii)(II) (Count Two). On April 12, 2005, the Court sentenced Reed to a total term of 262 months incarceration on counts one and two with the sentences to run concurrent to each other. Judgment was entered that same day. (Doc. cr-121 at 2).

Reed appealed. The United States Court of Appeals for the Eleventh Circuit affirmed the conviction and sentence on September 28, 2006. (Doc. cr-181). Reed did not file a petition for writ of certiorari in the United States Supreme Court.

Reed then timely filed a 28 U.S.C. § 2255 motion to vacate. He is proceeding on his court-ordered amended motion to vacate. (Doc. cv-4; cr-187).[1]

## Discussion

### Ground One

Reed contends that trial counsel was ineffective for failing to object to the Government's misconduct when the Government vouched for Ponce DeLeon Collins, "and career offender enhancement." He also contends that his trial counsel's performance "was not of a magnitude that would have render [sic] effective representation, and was so pervasive that it effected [sic] the total outcome of Movant's entire case." (Doc. cv-4 at 5).

### Standard of Review for Effectiveness of Counsel

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so

---

[1] On August 22, 2007, Reed filed a motion for permission to file additional pages to his amended motion to vacate. (Doc. cv-6). Local Rule 4.01(a) states: "Unless otherwise directed by the Court, any party permitted to amend a pleading shall file the amended pleading in its entirety with the amendments incorporated therein." Pursuant to the local rule, the Court denied Reed's motion for permission to file additional pages to his amended motion to vacate, but granted Reed leave to file a second amended motion to vacate on or before October 22, 2007. The Court stated that if Reed did not file a second amended motion to vacate, he would proceed on his amended motion to vacate. (See Doc. cv-8).

Reed did not file a second amended motion to vacate. Consequently, Reed's amended motion to vacate (Doc. cv-4) contains all of his claims. Any claims in document number 6 that were not raised in Reed's amended motion to vacate (Doc. cv-4) are not properly before this Court. Likewise, any claims in Reed's original motion to vacate (Doc. cv-1) that were not raised in his amended motion to vacate (Doc. cv-4) are not properly before this Court.

undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see also Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1984). The burden is on the defendant to demonstrate that (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *See Strickland*, 466 U.S. at 690. Judicial scrutiny of counsel's performance must be highly deferential, and courts "must avoid second- guessing counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Id.* (quoting *Strickland*, 466 U.S. at 689). The defendant's burden in this regard, though not insurmountable, is a heavy one. *See Chandler*, 218 F.3d at 1314. For a petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Id. at 1315.

To establish prejudice, a petitioner must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of his trial would have been different. *United States v. Greer*, 440 F.3d 1267, 1272 (11th Cir. 2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Rolling v. Crosby*, 438 F.3d

1296, 1300 (11th Cir. 2006). If the defendant fails to show that he was prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. *Strickland,* 466 U.S. at 697; *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

Reed cannot show that counsel was ineffective for failing to object to "the Government's misconduct when the Government vouched for Ponce DeLeon Collins." On direct appeal, Reed raised the claim that the Government committed prosecutorial misconduct by vouching for Collins. The Eleventh Circuit reviewed the issue for plain error and found that it had no merit. (Doc. cr-181 at 10-11). The Eleventh Circuit stated:

> The district court did not plainly err by failing, sua sponte, to declare a mistrial based on the Government's allegedly vouching for Collins during its closing argument.
>
> Reed argues the Government committed prosecutorial misconduct by vouching for Collins. Reed asserts the Government inaccurately contended in closing argument that Collins had no reason to lie since there was nothing the Government could do for him.
>
> . . .
>
> The district court did not plainly err by failing, sua sponte, to declare a mistrial based on the Government's allegedly vouching for Collins during its closing argument. The Government did not argue Collins's [sic] credibility based on the Government's reputation, but based on his having "nothing to gain" by testifying about his prior drug deals. Moreover, the Government's argument was based on evidence before the jury since both Collins and Mosley had testified as to Collins' agreement with the Government, and the court informed the jury to disregard the Government's statement as to when Collins would complete his current prison term.

(Doc. cr-181 at 10-11).

The substantive claim has no merit. Therefore, trial counsel was not ineffective for failing to object to the prosecutor's argument at trial.

Reed also cannot show that trial counsel was ineffective for failing to object to Reed's being sentenced as a career offender.  A review of the transcript of the sentencing proceeding (Doc. cr-147) demonstrates that trial counsel strongly objected to Reed's being sentenced as a career offender. (See Doc. cr-147 at 18-27).

Finally, Reed cannot show that trial counsel's performance "was not of a magnitude that would have render [sic] effective representation, and was so pervasive that it effected [sic] the total outcome of Movant's entire case."  The record demonstrates that trial counsel conducted discovery; called witnesses at trial; examined and cross-examined the witnesses; made an opening statement and a closing argument at trial; argued against Reed's being sentenced as a career offender and argued for a sentence reduction at sentencing; and filed a Notice of Appeal. (See Doc. cr-167, cr-142-147).  For performance to be deficient, Reed must establish that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *See Strickland*, 466 U.S. at 690.  As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done.

> We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary,* 972 F.2d 1218, 1220-21 (11th Cir.1992) (citation omitted), *cert. denied,* 514 U.S. 1131 (1995). Under those rules and presumptions, "the cases in which habeas

petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant,* 13 F.3d 384, 386 (11th Cir.1994). Reed's is not one of those cases.

Ground one does not warrant relief.

## Ground Two

Reed claims that appellate counsel was ineffective for failing to raise a fatal variance argument on direct appeal "that was sufficiently serious and deprived movant of effective assistance of counsel, and provided a cause for default."  However, Reed does not set out any supporting facts for ground two; Reed does not even state what the fatal variance was. Therefore, ground two is not sufficiently pled for this Court to address the claim.

Claims of a fatal variance are treated as attacks on the sufficiency of the evidence. *E.g., United States v. Plotke*, 725 F.2d 1303, 1308 (11th Cir.1984). In reviewing this issue, a Court views the evidence in the light most favorable to the Government. *United States v. Calderon*, 127 F.3d 1314, 1327 (11th Cir.1997) (For guilty verdict to withstand appellate scrutiny, it is not necessary that evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that reasonable trier of fact could find that evidence established guilt beyond reasonable doubt.).  In the present case, a review of the trial transcript demonstrates that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt.  Co-defendant Anthony Dixon testified for the Government at trial;  the confidential informant also testified against Reed. The evidence against Reed proved guilt beyond a reasonable doubt, and the jury unanimously found Reed guilty of the charges in the indictment. (Doc. cr-104).

The Eleventh Circuit Court of Appeals has applied the United States Supreme Court's test for ineffective assistance at trial to guide its analysis of ineffective assistance of appellate counsel claims. *Heath v. Jones,* 941 F.2d 1126, 1130 (11th Cir.1991), *cert. denied,* 502 U.S. 1077 (1992); *Matire v. Wainwright,* 811 F.2d 1430, 1435 (11th Cir.1987). Thus, in order to establish ineffective assistance of appellate counsel, Reed must show (1) that counsel's performance was deficient and "fell below an objective standard of reasonableness" and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984).

Appellate counsel need not raise issues that he (or she) reasonably concludes will not be considered on the merits by the appellate court. *Francois v. Wainwright,* 741 F.2d 1275, 1285 (11th Cir.1984). Likewise, appellate counsel need not brief issues reasonably considered to be without merit. *Alvord,* 725 F.2d at 1291. Appellate counsel must be allowed to exercise his (or her) reasonable professional judgment in selecting those issues most promising for review, and "[a] brief that raises every colorable issue runs the risk of burying good arguments...."*Jones v. Barnes,* 463 U.S. 745, 753 (1983).

Nothing in the facts of this case show that a fatal variance existed. Therefore, even if the claim had been sufficiently pled, Reed cannot show that appellate counsel was ineffective for failing to raise this claim on direct appeal.

Ground two does not warrant relief.

### Ground Three

Reed contends that he was illegally sentenced as a career criminal. In support he claims that "movant had a jury trial, and the Judge, not the jury made the determination of

finding the Movant to be a career criminal. When it was neither admitted by Movant or found by the jury which is not in compliance with clearly established law." (Doc. cv-4 at 8).

This claim has no merit. In *United States v. Booker*, 543 U.S. 220 (2005), the United States Supreme Court stated that "any fact, other than a prior conviction, which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Reed's sentencing enhancement was based on his prior convictions, and the Judge properly enhanced Reed's sentence based on his prior convictions. Reed's sentence is not illegal.

Furthermore, ground three is a *United States v. Booker*, 543 U.S. 220 (2005) claim. *Booker* is not retroactive on collateral attack. *See Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005).

Ground three does not warrant relief.

## Ground Four

Reed contends that the Government did not have jurisdiction "over the case when none of the officers that was involved in the investigation were Federal Agents and neither was the informant certified by the Government."

In support, he claims:

> Movant's case arose from a traffic stop by a state police officer on a local highway and information of an informant that was not certified by the government. The reliability [of] the informant is questionable as to whether the informant was ever used as an informant? [sic] and in the instant case he was not. And the state policeman cannot be brought within the terms of rule, in re of Grand Jury Proceedings."

(Doc. cv-4 at 9)

This claim has no merit. This Court plainly acted within its subject matter jurisdiction as it has original jurisdiction of "all offenses against the laws of the United States." 18 U.S.C. § 3231. "[I]llegal possession and sale of drugs affects interstate commerce, and Congress accordingly has authority under the Commerce Clause to criminalize and punish drug-related activity." *United States v. McDuffie,* 2007 WL 2986398 at *5 (N.D. Fla. Oct. 10, 2007) (quoting *United States v. Jackson*, 111 F.3d 101, 102 (11th Cir.1997)).

Ground four does not warrant relief

### Final Comments

Any claims not specifically addressed in this order are without merit and do not warrant relief.

Accordingly, the Court orders:

1. That Reed's motion to vacate (Doc. cv-4; cr-187) is denied, with prejudice. The Clerk is directed to enter judgment against Reed in the civil case and to close that case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473,

484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on December 13, 2007.

SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Wallace Reed